# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

**TONI MAHONEY,**
*Personal Representative of the Estate
of Devin C.M. York, Deceased,*
    **Plaintiff,**

v.                      No. 3:16-cv-01312-DRH-SCW

**MONROE COUNTY, ILLINOIS,
NEAL ROHLFING, STEVE MUENCH,
BEN ETTLING, and JUSTIN FRUTH,**
    **Defendants.**

## ORDER

**HERNDON, District Judge:**

Before the Court is defendants' Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 51). Plaintiff opposes (Doc. 53). Based on the following, the Motion to Dismiss is **DENIED**.

### I. BACKGROUND

On July 18, 2017, plaintiff Toni Mahoney ("plaintiff") filed an eight-count Second Amended Complaint naming defendants Monroe County, Illinois, Sheriff Neal Rohlfing ("Sheriff Rohlfing"), and correctional officers Steven Muench ("CO Muench"), Ben Ettling ("CO Ettling"), and Justin Fruth ("CO Fruth") (Doc. 45). Specifically, plaintiff alleged on December 12, 2015, Devin C.M. York ("Decedent") was arrested by the Waterloo Police Department and was subsequently transported to Monroe County Jail (Doc. 45 at 3). During the intake process Decedent completed a medical questionnaire administrated by CO Fruth (*Id.*). In

response Decedent advised the following: he recently attempted suicide; he was a daily user of heroin; he recently had been diagnosed with a psychiatric disorder; and, that he was currently under the influence of heroin while undergoing the jail intake process (*Id.* at 4).

Plaintiff contended that although above listed declarations were made, CO Fruth's intake assessment of Decedent indicated the presence of no risk factors; and as a result, Decedent was assigned to a general population housing cell, instead of an insolation/observation safety cell (*Id.*). On the morning of December 14, CO Muench discovered Decedent hung himself in his cell with a bedsheet (*Id.* at 6). Decedent was then rushed to a local hospital where he was pronounced dead shortly thereafter (*Id.*).

Expressly, plaintiff alleged all defendants are required to undergo Mental Health and Suicide Prevention training annually pursuant to Title 20, Section 701.90 of the Illinois Administrative Code (*Id.* at 5); and as a result, CO Fruth failed to properly screen, examine, assess and evaluate Decedent before placing him in general population; and, COs Muench and Ettling failed to refer Decedent to available psychological resources, as well as, identify Decedent's high risk factors (*Id.*).

Plaintiff asserted claims of violation of the Fourth Amendment against all defendants; violation of the American Disabilities Act, Section 504 of the 1973 Rehabilitation Act, and the Illinois Local Government and Governmental Employees Tort Immunity Act against Sheriff Rohlfing and Monroe County,

Illinois; violation of civil rights pursuant to 42 U.S.C. § 1983 and *respondeat superior* claims against Sheriff Rohlfing; and wrongful death, intentional infliction of emotional distress, and conspiracy claims against all individual defendants (*Id.* at 6-20). For relief, plaintiff requested compensatory damages, and costs and fees (*Id.*).

On July 24, 2017, defendants filed the instant Motion to Dismiss pursuant to FED. R. CIV. P. 12(b)(6) (Doc. 51). Defendants argue plaintiff failed to plead sufficient facts in order to articulate asserted claims; Monroe County is not liable for alleged actions of its defendant employees; and, Sheriff Rohlfing cannot be held liable for alleged misconduct of subordinate defendant correctional officers (*Id.*). As a result, defendants request dismissal of plaintiff's Second Amended Complaint (*Id.*).

## II. ANALYSIS

### A. FED. R. CIV. P Rule 12(b)(6) Standard

Rule 12(b)(6) permits a motion to dismiss a complaint for failure to state a claim upon which relief can be granted. *Hallinan v. Fraternal Order of Police Chi. Lodge No. 7*, 570 F.3d 811, 820 (7th Cir. 2009). The Supreme Court explained in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), that Rule 12(6)(b) dismissal is warranted if the complaint fails to set forth "enough facts to state a claim to relief that is plausible on its face." Notice pleading remains all that is required in a complaint, even though federal pleading standards were overhauled by *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). "A plaintiff still must provide only 'enough detail to give the defendant fair notice of what the claim is

and the grounds upon which it rests and, through his allegations, show that it is plausible, rather than merely speculative, that he is entitled to relief.' " *Tamayo v. Blagojevich*, 526 F.3d 1074, 1083 (7th Cir. 2008) (citation omitted).

The Seventh Circuit offers further instruction on what a civil action must allege to endure 12(b)(6) dismissal. In *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008), the Court reiterated the standard: "surviving a Rule 12(b)(6) motion requires more than labels and conclusions"; the complaint's allegations must "raise a right to relief above the speculative level." A plaintiff's claim "must be plausible on its face," that is, "the complaint must establish a non-negligible probability that the claim is valid." *Smith v. Med. Benefit Adm'rs Grp., Inc.*, 639 F.3d 277, 281 (7th Cir. 2011).

**B. Fourth Amendment Violation under Section 1983**

In order to assert a section 1983 claim plaintiff must establish that individual defendants: "(1) acted under the color of state law; and (2) deprived [Decedent] of a constitutional right." *Estate of Perry v. Wenzel*, 872 F.3d 439, 452 (7th Cir. 2017); *see also Westfield Ins. Co. v. Nat'l Decorating Serv., Inc.*, 863 F.3d 690, 695 (7th Cir. 2017) (explaining all facts are construed in the light most favorable to non-moving party). It is undisputed named defendants were acting in official capacity as state actors during events at issue. *E.g., Estate of Perry*, 872 F.3d at 452. Further, *the Fourth Amendment governs claims brought by pretrial detainees who are challenging conditions of confinement, and who have yet been afforded a probable cause hearing*. See *Currie v. Chhabra*, 728 F.3d 626, 629 (7th Cir. 2013). The "objectively unreasonable" standard is applied to conditions of

confinement and medical care claims asserted by pretrial detainees who have not had a probable cause hearing under *Gerstein v. Pugh*, 420 U.S. 103 (1975). *See id*.

i. *Matos* Standard Inapplicable

Defendants contend plaintiff failed to sufficiently allege necessary facts outlined by the Seventh Circuit in *Matos*, to wit: demonstration of knowledge that Decedent was subjected to objectively serious risks of harm, and that defendants intentionally disregarded said risk. *Cf. Matos ex rel. Matos v. O'Sullivan*, 335 F.3d 553, 556-57 (7th Cir. 2003). However, defendants are misguided; the *Matos* standard is inapplicable here because in the instant claim Decedent was a "*pretrial detainee*" whose claims are governed by the Fourth Amendment—*not the Eighth Amendment*. *See id*. at 556 (explaining standard for successful § 1983 claim based on violation of Eighth Amendment). Therefore, "*the Fourth Amendment's reasonable standard governs this inquiry*, rather than the deliberate indifference standard derived from the Eighth Amendment and applied to claims from detainees awaiting a trial by virtue of the Due Process Clause." *Ortiz v. City of Chi*, 656 F.3d 523, 530 (7th Cir. 2011) (where defendant has not yet benefitted from judicial determination of probable cause, the Fourth Amendment applies).

The following four factors determine whether defendants' response to Decedent's medical needs was objectively unreasonable: (1) notice of arrestee's medical need, whether by word or through observation of the arrestee's physical symptoms; (2) seriousness of the medical need; (3) scope of requested treatment; and (4) police interests, wide ranging in scope, including administrative,

penological, and investigatory concerns. See *Florek v. Vill. of Mundelein, Ill.*, 649 F.3d 594, 600 (7th Cir. 2011) (explaining courts should not fixate on factors; main principle is that police must do more to satisfy reasonableness inquiry when medical condition confronted is apparent and serious and interests of law enforcement in delaying treatment are low).

Defendants were given notice of Decedent's medical need by his responses to the questionnaire filled out during the intake process. Next, "[i]t goes without saying that '[s]uicide is a serious harm[,]" *Sanville v. McCaughtry*, 266 F.3d 724, 733 (7th Cir. 2001); and, the admission of a recent suicide attempt coupled with ongoing hardcore drug abuse fulfils remaining factors of scope of requested treatment and police interests. Therefore, the Second Amended Complaint, which the Court accepts as true and construes in the light most to plaintiff, *see Tamayo*, 526 F.3d at 1081, satisfies the objectively reasonable standard in stating a cognizable claim for deliberate indifference to serious medical needs—in violation of section 1983. *E.g., Williams v. Rodriguez*, 509 F.3d 392, 403 (7th 2007).

ii. Fourth Amendment Applies pre-*Gerstein*

Here, defendants make the bare unsupported allegation that Decedent was not a pre-*Gerstein* arrestee at the time of the alleged incident, and therefore reason the Fourth Amendment does not apply to plaintiff's claim. However, "[c]onsideration of matters outside the pleadings without allowing opposing litigants to supplement the record constitutes error." *Wright v. Associated Ins. Co. Inc.*, 29 F.3d 1244, 1248 (7th Cir. 1994); *see also Santana v. Cook Ct. Bd. of Review*, 679 F.3d 614, 619 (7th Cir. 2012) (quoting *Gen. Elec. Capital v. Lease*

*Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997), stating "[i]t is true that consideration of [an] outside matter without converting [a] motion may result in reversible error") (internal citations omitted)). Defendants provide no documentation to support their assertion, *see, e.g.*, *Venture Assoc. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993) (stating documents defendant attaches to motion to dismiss are considered part of pleadings); therefore the Court will not entertain this theory at the Rule 12(b)(6) stage of litigation.

iii. Monroe County, IL Dismissed from Count I

Defendants argue Monroe County, Illinois should be dismissed from this action because a county cannot be held liable via *respondeat superior* for actions of Sheriff Rohlfing and COs Muench, Ettling, and Fruth pursuant to *Moy v. Cty. of Cook*, 159 Ill.2d 519, 640 N.E.2d 519 (1994)[1]. Affirmatively, a sheriff in Illinois is an independent elected official who is not subject to country control. *See Thompson v. Duke*, 882 F.2d 1180, 1187 (7th Cir. 1989) (explaining county jail and department of corrections are solely under supervision and control of county sheriff; the sheriff is independently elected and only answers to electorate, not county board of commissioners). As a result, defendant Monroe County, Illinois is hereby dismissed from Count I of plaintiff's Second Amended Complaint.

**C. ADA/Rehabilitation Act Claim Survives 12(b)(6) Dismissal**

---

[1] In *Moy*, the Illinois Supreme Court ruled that a county is not liable under the theory of *respondeat superior* for acts of the sheriff because the sheriff is an independently elected county officer, rather than an employee of the county. *See Moy*, 640 N.E.2d at 929-31 (stating county is given no authority to control office of the sheriff; sheriff is a county officer and is not in employment relationship with county; county may not be held vicariously liable for sheriff's alleged negligent conduct).

Relief available to plaintiff under the ADA[2] and Section 504 of the Rehabilitation Act ("Rehabilitation Act") for failure to accommodate physical impairments is analogous. *See Ill. League of Advocates for the Dev. Disabled v. Ill. Dept. of Human Servs.*, 803 F.3d 872, 873 (7th Cir. 2015). To state a claim under either Act—or both Acts—plaintiff must allege Decedent: (1) is a qualified individual; (2) with a disability; and (3) the Monroe County Jail denied him access to a program or activity due to his disability. *See Wagoner v. Lemmon*, 778 F.3d 586, 592 (7th Cir. 2015) (*citing Jaros v. Ill. Dep't of Corr.*, 684 F.3d 667, 672 (7th Cir. 2012)).

After a thorough review of the pleadings, the Court finds that plaintiff has successfully alleged a claim for failure to accommodate in violation of the ADA/Rehabilitation Act. Plaintiff's allegations regarding previous diagnosis of psychiatric disorder, suicidal tendencies, and denial of access to an isolation/observation safety cell after divulging such details during intake is sufficient to survive Rule 12(b)(6) dismissal.

### D. *Monell* Claim Adequately Stated

> "[A]lthough the touchstone of the § 1983 action against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 "person," by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such a custom has

---

[2] Under the Americans with Disabilities Act ("ADA") "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or be denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. A disability is defined as "a physical or mental impairment that substantially limits one or more major life activities"; "a record of such an impairment", or "being regarded as having such an impairment." 42 U.S.C. § 12102.

not received formal approval through the body's official decisionmaking channels."

*Monell v. Dep't of Soc. Servs. of N.Y.C.*, 436 U.S. 658, 690 (1978). To state a section 1983 claim against Monroe County, plaintiff must allege an official policy or custom was the "moving force" behind the purported constitutional violation. *See Estate of Sims ex rel. Sims v. Cty of Bureau*, 506 F.3d 509, 514 (7th Cir. 2007) (explaining unless there is an unconstitutional policy there can be no official capacity liability). This can be achieved by demonstrating "an express policy, a widespread practice which, although unwritten, is so entrenched and well-known as to carry the force of policy, or through the actions of an individual who possesses the authority to make final policy decisions on behalf of the municipality or corporation." *Rice ex rel. Rice v. Corr. Med. Servs.*, 675 F.3d 650, 675 (7th Cir. 2012).

Nevertheless, the Federal Rules of Civil Procedure do not authorize the Court to employ Rule 12(b)(6) dismissal of a municipal liability claim for lack of specificity of facts under section 1983. *See McCormick v. City of Chi.*, 230 F.3d 319, 325 (7th Cir. 2000). Plaintiff's allegations which proclaim Sheriff Rohlfing—as chief administrator and commanding officer of all Monroe County sheriff's deputies—was responsible for ensuring custody, safekeeping, medical needs, and housing of all detainees in compliance with state and federal law and departmental policies is adequate to survive dismissal at this phase.

**E. Wrongful Death Claim Properly Alleged**

Under Illinois' Wrongful Death Act "plaintiff must plead facts which, if proven, would overcome application of the general rule that suicide is deemed unforeseeable as a matter of law." *Turcios v. DeBruler Co.*, 2015 IL 117962, ¶ 40. Decedent's act of suicide must be a natural consequence of defendants' negligence for plaintiff to recover in tort. *See Doe v. Doe*, 2016 IL App (1st) 153272, ¶ 7. Put differently, plaintiff must allege Decedent's suicide was foreseeable. *See Turcios* at ¶ 40.

While the Court does not accept as true conclusions of fact not supported by allegations of fact upon which conclusions rest, *see Doe* at ¶ 9, here plaintiff alleged facts—namely Decedent's admission to defendants regarding recent attempted suicide and diagnosis of psychiatric disorder—which establish Decedent's suicide was a foreseeable result of defendant's failure to act.

## F. Sheriff Liability under *Respondeat Superior*

Although defendants protest plaintiff's claim based on a theory of *respondeat superior* against Sheriff Rohlfing, the law is clear: pursuant to 55 ILCS 5/3-60616, "[t]he sheriff shall be liable for any neglect or omission of the duties of his or her office, when occasioned by a deputy or auxiliary deputy, in the same manner as for his or her own personal neglect or omission." Plaintiff has properly alleged a *respondeat superior* claim by alleging negligent actions and/or omissions of defendant correctional officers; as such, Count VII against Sheriff Rohlfing survives.

### III. CONCLUSION

The Court finds that plaintiff's Second Amended Complaint (Doc. 45) is sufficient to overcome dismissal pursuant to FED. R. CIV. P. 12(b)(6). Based on the foregoing defendant's Motion to Dismiss Plaintiff's Second Amended Complaint (Doc. 51) is **DENIED**. Further, defendant Monroe County, Illinois is **DISMISSED from Count I** of plaintiff's Second Amended Complaint (Doc. 45).

    **IT IS SO ORDERED**.

Judge Herndon
2017.12.20
16:17:27 -06'00'

**UNITED STATES DISTRICT JUDGE**